IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIBREEL FRAZIER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| TRANSUNION, et al., | : | NO. 23-3637 |
|     Defendants. | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                       **SEPTEMBER 28, 2023**

Plaintiff Jibreel Frazier initiated this civil action by filing a *pro se* Complaint against TransUnion and Connexus Credit Union ("Connexus").[1] He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Frazier leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.      FACTUAL ALLEGATIONS**

Frazier is a frequent litigant in this Court. *See, e.g., Frazier v. Synovus Financial Corp.*, Civ. A. No. 23-3444 (E.D. Pa.); *Frazier v. Connexus Credit Union*, Civ. A. No. 23-2083 (E.D. Pa.); *Frazier v. Experian Information Solutions*, Civ. A. No. 23-1097 (E.D. Pa.); *Frazier v. Transunion*, Civ. A. No. 23-0627 (E.D. Pa.); *Frazier v. Trans Union*, Civ. A. No. 22-2896 (E.D. Pa.); *Frazier v. Experian Information Solutions*, Civ. A. No. 22-2887 (E.D. Pa.); *Frazier v. Experian PLC*, Civ. A. No. 22-1430 (E.D. Pa.); *Frazier v. Capital One Auto Finance*, Civ. A. No. 21-5301 (E.D. Pa.); *Frazier v. Capital One*, Civ. A. No. 21-4397 (E.D. Pa.). In the present case, Frazier contends that "on or about July 21, 2023," in Philadelphia, Pennsylvania, Connexus

---

[1] Frazier submitted a form complaint, along with an additional document titled "Complaint," as well as exhibits. The Court will consider these documents together to constitute Frazier's Complaint. (*See* ECF No. 2 at 2-30.) The Court adopts the pagination supplied by the CM/ECF docketing system.

and TransUnion "worked together to invade and infringe upon" his right to privacy by "continu[ing] to share" his "nonpublic information." (Compl. at 4.)[2]

Specifically, Frazier claims that on or about July 21, 2023, he sent Connexus "a notice exercising his right to opt out of his nonpublic information being shared pursuant to the Gramm Leach Bliley Act." (*Id.* at 5, 8.) He contends that he sent a copy of this notice to TransUnion, as well as another notice to TransUnion that he no longer wished to share nonpublic personal information and requested TransUnion to cease sharing Frazier's "nonpublic information as in name, address, income, social security number, or other information." (*Id.*) According to Frazier, he had not received a response from Connexus as of September 18, 2023, despite its alleged duty to "handle disputes accordingly and respond in a reasonable fashion which is no more than thirty (30) days from the date of receipt." (*Id.* at 8.) TransUnion notified Frazier "that an investigation took place and that the nonpublic information was verified as accurate." (*Id.*) Frazier avers, however, that he "did not contend [sic] the accuracy of information that was shared with TransUnion but did notify TransUnion that [he] no longer wished to share his nonpublic information." (*Id.*) Frazier alleges that as of September 18, 2023, Connexus "continues to share his nonpublic information after being notified" and that "TransUnion after being notified continues to share, furnish, store, and disclose [his] nonpublic information" without his consent. (*Id.* at 8-9.)

Frazier alleges that his right to privacy has been violated because "his account with Connexus Credit Union is a private matter between [Frazier] and Connexus." (*Id.* at 10.) He further claims that TransUnion has been informed of his desire that this information not be

---

[2] Although he provides a Delaware post office box as his mailing address, Frazier represents that he is domiciled in the "this district." (*See* Compl. at 2, 6.) The Court construes this as a representation that Frazier is a citizen of Pennsylvania.

shared because it is a private matter.  (*Id.*)  As alleged, "Connexus Credit Union has caused [Frazier's] information to be publicized on TransUnion['s] platform that provides public access to [Frazier's] nonpublic personal information therefore both Defendants have invaded and infringed upon [Frazier's] right to privacy."  (*Id.*)  He further alleges that both Defendants "have conspired to invade and infringe upon" his right to privacy.  (*See id.* at 10-12.)

Frazier attached several exhibits to his Complaint.  Exhibit A consists of a July 21, 2023 letter from Frazier to Connexus referencing a "Member Account" ending in x3972 and informing Connexus that he no longer wished to have his personal nonpublic information disclosed because he was "exercising his right to opt out of nonpublic personal information being reported" pursuant to the Gramm Leach Bliley Act.  (*See id.* at 15.)  The letter demands that Connexus "immediately stop disclosing/sharing my nonpublic information for this particular closed account to TransUnion, Equifax, and Experian."  (*Id.*)  TransUnion LLC is listed as a "CC" recipient on the letter.  (*Id.*)  Exhibit B is a July 21, 2023 letter addressed to TransUnion which refers to a Connexus account, although it does not specifically identify the account.  (*See id.* at 18.)  Frazier again indicated in the letter that the "status and balance of this account is a private matter" that he did not want disclosed, that he no longer wished to share his nonpublic information, and that he invoked his right to privacy and the "protections provided by the Gramm Leach Bliley Act." (*Id.*)  Exhibit C appears to be one page of a report prepared for Frazier indicating that an investigation was conducted and account information with Connexus was verified as accurate, showing an installment account number 1261291XXXXX as of June 30, 2023, for the purchase of "recreational merchandise," that was past due in the amount of $49,199 and that was in "charged off" status.  (*Id.* at 21.)  Exhibit D includes a portion of a TransUnion credit report prepared for Frazier and generated on January 8, 2023, that lists a Connexus installment account,

account number 126129XXXXX, with an outstanding balance of $47,897.  (*Id.* at 23.)  It also includes a portion of a TransUnion credit report prepared for Frazier and generated on September 16, 2023, that lists the same account, with a then-outstanding balance of $49,199.  (*Id.* at 24.)  Exhibits E and F appear to be portions of the privacy policies of Connexus and TransUnion, respectively.  (*See id.* at 26-28, 30.)

Frazier claims that he has suffered emotional distress, mental anguish, and harm to his reputation as a result of Defendants' actions.  (*Id.* at 5, 12.)  As relief, Frazier requests that the Court order Connexus and TransUnion "to cease the sharing of" his information.  (*Id.* at 5.)  He also seeks damages.  (*Id.* at 5, 12.)

## II.    STANDARD OF REVIEW

Because Frazier appears to be incapable of paying the filing fees to commence this action, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their

complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

### III. DISCUSSION

#### A. Gramm-Leach-Bliley Act

Frazier alleges that Connexus and TransUnion have violated his right to privacy in that that he chose to "opt out," pursuant to the Gramm-Leach-Bliley Act, of having his personal information shared, and that he notified each Defendant that he was "exercising" his right to do so. (*See* Compl. at 8.) To the extent Frazier cites the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*, as a basis for a claim, however, that Act does not support a private cause of action. *See, e.g.*, *Miller v. Navy Fed. Credit Union*, No. 23-1910, 2023 WL 4629648, at *4 (E.D. Pa. July 18, 2023) (dismissing claim based on Gramm-Leach-Bliley Act with prejudice because Act does not provide a private right of action); *Ishmael v. GM Fin. Inc.*, No. 22-1095, 2022 WL 2073821, at *2 (E.D. Pa. June 9, 2022); *USAA Fed. Sav. Bank v. PLS Fin. Servs., Inc.*, 340 F. Supp. 3d 721, 726 (N.D. Ill. 2018); *Barroga-Hayes v. Susan D. Settenbrino, P.C.*, No. 10-5298, 2012 WL 1118194, at *5 (E.D.N.Y. Mar. 30, 2012).

#### B. Fair Credit Reporting Act

The Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information

in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).[3]

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in his file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to

---

[3] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).

reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). Additionally, the consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

To state a plausible claim under the FCRA against a furnisher of credit information, a plaintiff must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. § 1681s-2(b). If

7

the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017). "[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)). Similar to claims under § 1681e or § 1681i, courts have explicitly held that a showing of inaccuracy is essential to a § 1681s-2(b) claim in regard to furnishers of credit information. *Holland*, 574 F. Supp. 3d at 298 (citations and internal quotation marks omitted).

As an initial matter, the Court notes that Frazier misconstrues his rights under federal and state law. Frazier contends that Connexus and TransUnion have violated his rights because they have publicized private information without his consent. Specifically, Frazier seeks to have certain delinquent account information excluded from his credit file and/or consumer report based on his purported election to "opt out" of the inclusion of this information. Although he did not expressly reference the statute, the Court interprets Frazier's Complaint as raising claims under the FCRA due to the nature of the allegations presented therein. The FCRA simply does not have a consumer "opt out" provision. Instead, "[t]he . . . FCRA . . . was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez*, 617 F.3d at 706. To meet these statutory goals, the FCRA protects consumers' privacy rights by dictating how furnishers must report information to consumer reporting agencies, if they do so. *See* 15 U.S.C. § 1681s-2. Caselaw makes it clear that the consumer information furnished to consumer reporting agencies, and reported by consumer

reporting agencies, must be accurate. Notably, Frazier does not contest the accuracy of the information at issue. The FCRA also limits, *inter alia*, under what circumstances consumer reporting agencies may furnish consumer reports, including to whom the information may be furnished, and what information may be contained in consumer reports. *See, e.g.,* 15 U.S.C. §§ 1681b, 1681c. Under the FCRA, a consumer's consent is required for a consumer reporting agency to furnish a consumer report only in limited circumstances, none of which are implicated in the case at bar. *See, e.g.,* 15 U.S.C. § 1681b(a), (c); *see also George v. Transunion Corp.*, No. 22-4967, 2023 WL 5044956, at *4 (E.D. Pa. Aug. 8, 2023).

        1.    **Connexus**

The allegations in Frazier's Complaint focus on privacy concerns stemming from information collected by a consumer reporting agency as furnished to it by a credit union. To the extent the Complaint can liberally be construed to allege that Connexus acted as a "furnisher" under the FCRA, Frazier has not pled a plausible claim against Connexus. *See* 15 U.S.C. § 1681s-2; *Donohue v. C. Blosenski Disposal Co.*, No. 05-5356, 2006 WL 3423888, at *1 (E.D. Pa. Nov. 28, 2006) ("While the FCRA does not explicitly define 'furnisher of information,' the Courts have defined the term to mean 'an entity which transmits information concerning a particular debt owed by a consumer to a consumer reporting agency.'").

While Frazier alleges that Connexus disclosed information about his account to TransUnion, he does not allege that the information transmitted was inaccurate. This is fatal to any claim under § 1681s-2. *See Holland*, 574 F. Supp. 3d at 302 (noting that there must be a threshold showing of inaccuracy to make a claim against a furnisher); *see also Berkery v. Verizon Commc'ns Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of FCRA claim against furnisher that was based on conclusory allegations); *Villalobos v. Citi*

*Bank NA*, No. 22-1837, 2023 WL 3035315, at *5 (M.D. Pa. Feb. 2, 2023) ("Plaintiff has provided no information about what the negative credit information consisted of (aside from allegations that it was related to a BestBuy credit card), and has failed to explain in what respect the reported information was false."); *Gittens v. Sterling Jewelers Inc.*, No. 15-5872, 2016 WL 828098, at *2 (D.N.J. Feb. 29, 2016) ("The complaint does not say what the negative credit information consisted of, or in what respect it was false."). Accordingly, Frazier fails to allege a plausible FCRA claim for relief against Connexus.

        **2.**      **TransUnion**

Liberally construing Frazier's Complaint, it is possible that Frazier seeks to present claims against TransUnion pursuant to the FCRA. Such claims are best construed as alleging that TransUnion failed to fulfill its responsibilities under § 1681e(b) and § 1681i(a) of the FCRA. Nevertheless, Frazier has not alleged a plausible claim. While he alleges that he notified TransUnion that he "opted out" of the inclusion of Connexus information on his credit report, he has made no allegations regarding the accuracy of the Connexus information. Indeed, it appears that Frazier does not contest the accuracy of the Connexus information on his TransUnion consumer report. (*See* Compl. at 8, "TransUnion notified Plaintiff that an investigation took place and that the nonpublic information was verified as accurate. Plaintiff did not contend [sic] the accuracy of information that was shared with TransUnion but did notify TransUnion that Plaintiff no longer wished to share his nonpublic information."; *id.* at 11, "Plaintiff did not notify either Defendant disputing an inaccuracy on his consumer report, but did request for the nonpublic information being shared to no longer be shared.")

As noted above, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must show that the reported information was in fact inaccurate. *Bibbs*, 43 F.4th at 342-43; *Angino*, 784 F.

App'x at 69. For the same reason that Frazier's claims against Connexus fail, his claims against TransUnion also fail. Frazier simply has not identified inaccurate credit history information, nor alleged any facts about how the information was inaccurate. *See Covington v. Equifax Info. Servs., Inc.*, No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (finding that the complaint failed to state factually how, why or in what manner any information plaintiff disputed was inaccurate); *Regina the First for Guyton v. Equifax Info. Servs., LLC*, No. 18-2534, 2018 WL 3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report).

      C.      **State Law Claims**

To the extent that Frazier seeks to present a state law claim against Connexus for invasion of privacy, his claim is preempted by federal law. "[T]he FCRA broadly preempts any state law "requirement[s] or prohibition[s] . . . with respect to any subject matter regulated under Section 1681s-2 of this title, relating to the responsibilities of any persons who furnish information to consumer reporting agencies." *Rivas v. L&N Builders Grp., Inc.*, No. 22-7544, 2023 WL 4014290, at *3 (D.N.J. June 15, 2023) (citing 15 U.S.C. § 1681t(b)(1)(F)); *see also Cheadle v. Experian*, No. 20-18183, 2021 WL 3144843, at *4 (D.N.J. July 26, 2021) ("Although not yet directly addressed by the Third Circuit, several other circuit courts have held that § 1681t(b)(1)(F) preempts all state and common law claims against furnishers of information with respect to all subject matter regulated under § 1681s-2.") (citing cases). Courts, including those in this district, "have interpreted . . . [§ 1681t(b)(1)(F)] to bar all state claims, whether statutory or common-law based." *Rivas*, 2023 WL 4014290 at *3 (citations omitted). *See, e.g., Havassy v. Mercedes-Benz Fin. Servs. USA, LLC*, 432 F. Supp. 3d 543, 547 (E.D. Pa. 2020) ("Multiple district courts within the Third Circuit have likewise adopted this conclusion and found that

Section 1681t(b)(1)(F) preempts both state statutory and common law claims against furnishers of information acting under Section 1681s-2.") (citing cases); *see also LeBoon v. DS Waters of Am., Inc.*, No. 20-5268, 2021 WL 1193239, at *3 (E.D. Pa. Mar. 30, 2021) (finding that breach of contract and intentional infliction of emotional distress claims were premised on allegations of conduct regulated under § 1681s-2 and therefore preempted by § 1681t(b)(1)(F)); *Cicala v. Trans Union, LLC*, Nos. 15-6790, 15-6801, 2016 WL 2622377, at *4 (E.D. Pa. May 9, 2016) (finding state law defamation claim preempted); *Vullings v. Trans Union, LLC*, 115 F. Supp. 3d 538, 543 (E.D. Pa. 2015) (finding state law defamation claim preempted); *Grossman v. Trans Union*, LLC, 992 F. Supp. 2d 495, 500 (E.D. Pa. 2014) (finding state law defamation and negligence claims preempted). Accordingly, any state law privacy claims against Connexus, which are based on its responsibilities as a furnisher of information under § 1681s-2, will be dismissed. *See Rivas*, 2023 WL 4014290, at *3 (finding that plaintiffs' negligence claim is related to or arises out of duties owed under the FCRA and is preempted); *Washington*, 2021 WL 1100637, at *3 (finding that plaintiff's proposed Amended Complaint failed to state cognizable claims for defamation and intentional infliction of emotional distress against furnisher of information as they are preempted by § 1681t(b)(1)(F)).

Moreover, any privacy claims against TransUnion fail pursuant to § 1681h(e) of the FCRA.[4] Section 1681h(e) provides that defamation, invasion of privacy, or negligence claims,

---

[4] Section 1681h(e) states in relevant part:
> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report

while ordinarily preempted by the FCRA, can be brought against a consumer reporting agency if "false information [is] furnished with malice or willful intent." *Williams v. Navient Sols., LLC*, No. 17-6509, 2017 WL 3784039, at *2 (D.N.J. Aug. 31, 2017); *see also Grossman v. Trans Union, LLC*, 992 F. Supp. 2d 495, 499-500 (E.D. Pa. 2014) (noting that § 1681h(e) applies to consumer reporting agencies and users of consumer reports, but not furnishers of information). Nothing in the Complaint supports a reasonable inference that the information supplied to TransUnion was false, or that TransUnion acted with malice or intent to injure in reporting it. *See Parker v. Lehigh Cnty. Domestic Rel. Ct.*, 621 F. App'x 125, 130 (3d Cir. 2015) (*per curiam*) (affirming dismissal of defamation claim on § 1681h(e) preemption grounds); *Yurkovic v. New Jersey Higher Educ. Student Assistance Auth.*, No. 16-5339, 2019 WL 7602361, at *6 (D.N.J. July 15, 2019) ("Apart from Plaintiff's conclusory allegations set forth in his complaint, . . . no evidence has been provided to the Court indicating that any Defendant acted with malice or willful intent. Plaintiff's common law defamation claim is therefore preempted by the FCRA and is dismissed [pursuant to 1681h(e)].").

Frazier also purports to present a conspiracy claim by alleging that Connexus and TransUnion "have worked together to unlawfully infringe and invade upon" his right to privacy. (*See* Compl. at 10-12.) Putting aside the bald nature of these allegations and whether nonpublic information was even shared, Frazier has not pled a plausible claim. Under Pennsylvania law, "[a] civil conspiracy is a combination or agreement between two or more persons to commit an unlawful act or a lawful act by unlawful means." *Ching-Luo v. Owen J. Roberts Sch. Dist.*, No. 19-3997, 2022 WL 4480559, at *2-3 (3d Cir. Sept. 27, 2022) (*per curiam*) (citation and internal

---

except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C § 1681h(e).

quotation omitted); *Marion v. Bryn Mawr Tr. Co.*, 288 A.3d 76, 88 (Pa. 2023). "[P]roof of malice - or the intent to injure - is an essential part of the conspiracy cause of action." *Brignola v. Home Properties, L.P.*, No. 10-3884, 2013 WL 1795336, at *14 (E.D. Pa. Apr. 26, 2013) (citing *Lackner v. Glosser*, 892 A.2d 21, 35 (Pa. Super. Ct. 2006)). Civil conspiracy is not a separate cause of action but instead requires an underlying tort. *See Boyanowski v. Cap. Area Intermediate Unit*, 215 F.3d 396, 405-07 (3d Cir. 2000). Therefore, "[a] verdict on the civil conspiracy should yield to a finding for the defendant on the underlying tort because the cause of action is wholly subordinate to the underlying tort's existence." *Id.* at 407. Since the Court is dismissing Frazier's FCRA and privacy claims, there is no underlying tort on which to base a civil conspiracy claim. *See Leboon v. Equifax Info. Servs., LLC*, No. 18-1978, 2018 WL 4924170, at *3 (E.D. Pa. Oct. 10, 2018) (dismissing conspiracy claim because court dismissed FCRA claim and common law negligence claim, and therefore, there was no underlying tort on which to base his civil conspiracy claim).

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Frazier's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Frazier will not be given leave to file an amended complaint, as amendment would be futile. An appropriate Order follows.

BY THE COURT:

/s/ *R. Barclay Surrick*
R. BARCLAY SURRICK, J.
